UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER PETER SAAVEDRA,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>Defendant. | Case No. EDCV 18-1402 JC<br><br>MEMORANDUM OPINION |

**I.     SUMMARY**

On July 2, 2018, plaintiff Christopher Peter Saavedra filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion") (collectively "Motions"). The Court has taken the Motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; July 6, 2018 Case Management Order ¶ 5.

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On July 30, 2014, plaintiff filed an application for Supplemental Security Income alleging disability beginning on April 30, 2003, due to right leg pain due to gunshot. (Administrative Record ("AR") 13, 178, 223). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert. (AR 30-78).

On June 29, 2017, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 13-25). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: right knee pain, status post history of a gunshot wound, open reduction internal fixation and hardware removal, right hand pain and numbness, an umbilical hernia, loss of vision in the right eye, and obesity (AR 15); (2) plaintiff's impairments, considered individually or in combination, did not meet or medically equal a listed impairment (AR 17); (3) plaintiff retained the residual functional capacity to perform less than the full range of light work (20 C.F.R. § 416.967(b))[1] (AR 17); (4) plaintiff had no past relevant work (AR 23); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform (AR 24); and (6) plaintiff's statements regarding the intensity, persistence, and limiting

---

[1] More specifically, the ALJ determined that plaintiff (i) could lift and/or carry 20 pounds occasionally and 10 pounds frequently; (ii) could sit for six hours in an eight-hour workday; (iii) could stand and walk for two hours in an eight-hour workday, thirty minutes at a time; (iv) could not climb ramps, stairs, ladders, ropes, or scaffolds; (v) could occasionally balance, stoop, kneel, crouch, and crawl; (vi) could frequently handle and finger with bilateral hands; (vii) needed to avoid unprotected heights, and could not operate a motor vehicle; and (viii) could not perform work that required depth perception. (AR 17).

effects of subjective symptoms were not entirely consistent with the medical evidence and other evidence in the record (AR 18).

On June 1, 2018, the Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted); 20 C.F.R. § 416.905. To be considered disabled, a claimant must have an impairment of such severity that he is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citations omitted) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520, 416.920). The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or medically equals one of the conditions listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings") (step 3), and retains the residual functional capacity to perform past relevant work (step 4). Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)

(citation omitted). The Commissioner has the burden of proof at step five – *i.e.*, establishing that the claimant could perform other work in the national economy. Id.

### B. Federal Court Review of Social Security Disability Decisions

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). The standard of review in disability cases is "highly deferential." Rounds v. Commissioner of Social Security Administration, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted). Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. Trevizo, 871 F.3d at 674-75 (citations omitted). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path may reasonably be discerned despite the error) (citation and quotation marks omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674 (defining "substantial evidence" as "more than a mere scintilla, but less than a preponderance") (citation and quotation marks omitted). When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

///

///

## IV. DISCUSSION

Plaintiff essentially contends that a reversal or remand is warranted because the ALJ failed to provide legally sufficient reasons for rejecting plaintiff's subjective complaints. (Plaintiff's Motion at 3-10). The Court disagrees.

### A. Pertinent Law

When determining disability, an ALJ is required to consider a claimant's impairment-related pain and other subjective symptoms at each step of the sequential evaluation process. 20 C.F.R. § 416.929(a), (d). Accordingly, when a claimant presents "objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms [the claimant] alleged," the ALJ is required to determine the extent to which the claimant's statements regarding the intensity, persistence, and limiting effects of his subjective symptoms ("subjective statements" or "subjective complaints") are consistent with the record evidence as a whole and, consequently, whether any of the individual's symptom-related functional limitations and restrictions are likely to reduce the claimant's capacity to perform work-related activities. 20 C.F.R. § 416.929(a), (c)(4); Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *4-*10. When an individual's subjective statements are inconsistent with other evidence in the record, an ALJ may give less weight to such statements and, in turn, find that the individual's symptoms are less likely to reduce the claimant's capacity to perform work-related activities. See SSR 16-3p, 2017 WL 5180304, at *8. In such cases, when there is no affirmative finding of malingering, an ALJ may "reject" or give less weight to the individual's subjective statements "only by providing specific, clear, and convincing reasons for doing so." Brown-Hunter v. Colvin, 806 F.3d 487, 488-89 (9th Cir. 2015); see also Trevizo, 871 F.3d at 678-79 & n.5 (same) (citations omitted).

An ALJ's decision "must contain specific reasons" supported by substantial evidence in the record for giving less weight to a claimant's statements. SSR

16-3p, 2017 WL 5180304, at *10; see also Treichler, 775 F.3d at 1103 ("ALJs typically identify what parts of the claimant's testimony were not credible and why.") (citation omitted). Nonetheless, if an ALJ's evaluation of a claimant's statements is supported by substantial evidence, "the court may not engage in second-guessing." Chaudhry v. Astrue, 688 F.3d 661, 672 (9th Cir. 2012) (citation omitted).

**B.     Analysis**

First, the ALJ properly gave less weight to plaintiff's subjective statements based on plaintiff's failure to seek a level or frequency of medical treatment that was consistent with the alleged severity of plaintiff's subjective symptoms. See Molina, 674 F.3d at 1113 (ALJ may properly consider "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment" when evaluating claimant's subjective complaints) (citations and internal quotation marks omitted); SSR 16-3p, 2016 WL 1119029, at *7-*8 (ALJ may give less weight to subjective statements where "the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, or if the individual fails to follow prescribed treatment that might improve symptoms. . . ."). For example, as the ALJ noted, contrary to plaintiff's complaints of disabling knee pain, the evidence suggests that plaintiff did not follow through with physical therapy he had been prescribed on April 21, 2016, for treating his right knee after plaintiff's hardware removal surgery. (AR 18-19, 20-21) (citing Exhibit 3F at 1-2 [AR 289-90]). Indeed, as the ALJ noted, the record does not appear to contain any evidence that plaintiff sought or was prescribed any further treatment for his knee impairment since then, and the record lacked evidence (and plaintiff has identified none) that plaintiff received any other medical treatment after May 2016 – a treatment gap of almost eleven months at the time of the hearing. (AR 19, 21); see, e.g., Chaudhry, 688 F.3d at 672 ("[I]f a claimant complains about disabling pain but fails to seek treatment, or

fails to follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified. . . .") (citation omitted).

In addition, as the ALJ also noted, plaintiff "indicated he was simply taking over the counter pain medication and topical creams and was icing his joints for relief[,]" which "help[ed] a little bit." (AR 19; see AR 48-50). The ALJ properly gave less weight to plaintiff's subjective complaints to the extent the medical evidence reflects that plaintiff had been using "only conservative treatment." Cf., e.g., Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008) (evidence that claimant "responded favorably to conservative treatment" inconsistent with reports of disabling pain); Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment.") (citation omitted), cert. denied, 552 U.S. 1141 (2008).

Second, the ALJ properly gave less weight to plaintiff's subjective complaints to the extent plaintiff engaged in daily activities which require a greater level of functioning than plaintiff alleges he can actually do. (AR 19); see Burrell v. Colvin, 775 F.3d 1133, 1137 (9th Cir. 2014) (inconsistencies between claimant's testimony and claimant's reported activities valid reason for giving less weight to claimant's subjective complaints) (citation omitted); SSR 16-3p, 2016 WL 1119029, at *7 (ALJ may determine that claimant's symptoms "are less likely to reduce his or her capacities to perform work-related activities" where claimant's subjective complaints are inconsistent with evidence of claimant's daily activities) (citing 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3)). For example, as the ALJ noted, plaintiff testified at the hearing that he was able to spend time on his patio and read books, magazines, and newspapers "all day." (AR 19, 54-55). As the ALJ also noted, plaintiff testified that he could take care of a small dog, clean his room, make his bed, and go to church "every Sunday[.]" (AR 19, 55-56).
///

As plaintiff correctly suggests (Plaintiff's Motion at 4-5, 8), a claimant "does not need to be 'utterly incapacitated' in order to be disabled." Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) (citation omitted). Nonetheless, this does not mean that an ALJ must find that a claimant's daily activities demonstrate an ability to engage in full-time work (*i.e.*, eight hours a day, five days a week) in order to discount conflicting subjective symptom testimony. To the contrary, even where a claimant's activities suggest some difficulty in functioning, an ALJ may give less weight to subjective complaints to the extent a claimant's apparent actual level of activity is inconsistent with the extent of functional limitation the claimant has alleged. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (ALJ may consider daily activities to extent plaintiff's "level of activity [is] inconsistent with [the] . . . claimed limitations"); cf. Molina, 674 F.3d at 1113 ("Even where [claimant's] activities suggest some difficulty functioning, they may be grounds for [giving less weight to] the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.") (citations omitted). Here, even though plaintiff stated that he had some difficulty functioning, substantial evidence supports the ALJ's conclusion that plaintiff's ability to engage in the daily activities noted above was inconsistent with plaintiff's alleged disabling symptoms. (AR 19); cf., e.g., Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990) (claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries . . . may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989)). While plaintiff suggests that the level of his daily activities was not inconsistent with his subjective complaints (Plaintiff's Motion at 4), this Court will not second guess the ALJ's reasonable determination to the contrary, even if the evidence could give rise to inferences more favorable to plaintiff. See Chaudhry, 688 F.3d at 672 (citation omitted).

///

Finally, the ALJ properly gave less weight to plaintiff's subjective complaints due, in part, to the absence of supporting objective medical evidence. See Burch, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider . . . ."). For example, as the ALJ's thorough discussion of the evidence reflects, despite plaintiff's complaints of disabling knee pain, physical examinations and objective findings related to plaintiff's knee were generally unremarkable, showing some minor abnormalities. (AR 19-20; see, e.g., AR 352-53 [x-ray of right knee showing "no acute disease"; tenderness to palpation and limited range of motion on exam, treated with steroid injection with follow up in two months]; AR 402 [x-ray of right knee showing old injury but "no significant joint effusion"]; AR 359-60 [noting complaints of knee pain, but "ambulates well," "no new trauma," no swelling, and good range of motion on examination]; AR 365-66 [plaintiff had right knee pain, limited flexion, and tenderness to palpation, but was still noted to be ambulatory with no erythema or joint effusion]). As the ALJ also noted, the evidence reflects that, although plaintiff had a brief period of increased symptoms and limitations following his December 23, 2015 hardware removal surgery, within about a month it was noted that the surgery had been completed "without complications," and that plaintiff was "now weight bearing" and "doing okay with his pain level[.]" (AR 20) (citing Exhibit 4F at 13-15, 18 [AR 440-42, 445]). Similarly, regarding plaintiff's right hand impairment, the ALJ noted that treatment records showed some deformities and limits in plaintiff's hand, but otherwise routine healing from injury and generally normal findings. (AR 21) (citing Exhibits 3F at 14-15, 27, 28, 32-34, 79-80, 111 [AR 302-03, 315-16, 320-22, 367-68, 399]; 4F at 1-4, 31-32 [AR 428-31, 458-59]). Although plaintiff argues that the medical evidence actually supports his subjective complaints (Plaintiff's Motion at 6-8), again the Court may not second guess the ALJ's

///

reasonable determination to the contrary. <u>Chaudhry</u>, 688 F.3d at 672 (citation omitted).

Accordingly, plaintiff is not entitled to a reversal or remand on any asserted basis.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is AFFIRMED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 12, 2019.

                                                        /s/
                              Honorable Jacqueline Chooljian
                              UNITED STATES MAGISTRATE JUDGE